1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MORAN, | CASE NO. 1:08-cv-00016-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON SECOND AMENDED COMPLAINT, AND CERTAIN CLAIMS AND DEFENDANTS BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| v. | |
| JOHN DOVEY, et al., | |
| Defendants. | |
| | (Doc. 20) |
| _____/ | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.    Procedural History**

Plaintiff Nicolas Moran ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985, and California tort law. Plaintiff filed this action on January 3, 2008, and on January 17, 2008, Plaintiff filed an amended complaint as a matter of right.  Fed. R. Civ. P. 15(a).  On September 17, 2008, the Court dismissed Plaintiff's amended complaint for failure to comply with Federal Rule of Civil Procedure 8(a) and provided Plaintiff with the legal standards applicable to his claims.  Plaintiff filed a second amended complaint on November 18, 2008.

**II.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III.   Plaintiff's Claims

### A.   Summary of Second Amended Complaint

Plaintiff is currently housed at Pleasant Valley State Prison. The claims in this action arose after Plaintiff was transported from Calipatria State Prison to Kern Valley State Prison on or around November 6, 2006, for mental health treatment at the prison hospital. Plaintiff names Warden C. Chrones; Sergeants E. Morales and D. Hill; Correctional Officers J. Orosco, V. Yates, J. Harden, Maese, Hernandez, M. Aguilar, Moreno, Chesley, Polambo, and J. Perez; Counselor C. Jackson; Medical Technical Assistant Cessar; and Does one through one-hundred as defendants.[1] Plaintiff is seeking damages and injunctive relief for the violation of his rights under section 1983, section 1985, and state tort law. Because Plaintiff is no longer housed at Kern Valley State Prison and

---

[1] Although his name is not included in the section entitled "Defendants," Plaintiff also alleges violations of his rights by Defendant Garza.

Case 1:08-cv-00016-SAB   Document 21   Filed 02/05/09   Page 3 of 10

because the injunctive relief sought would not remedy the claims alleged in this action, the Court recommends the action proceed as one for damages only.[2]  18 U.S.C. § 3626(a)(1)(A); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

### B.    Section 1983 Claims

Plaintiff enumerates multiple section 1983 claims, most of which are based on violations of the Eighth Amendment, which protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

### 1.    Excessive Force Claims

Plaintiff alleges numerous incidents of excessive physical force.  For excessive force claims, not "every malevolent touch by a prison guard gives rise to a federal cause of action," and "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S.Ct. 995 (1992) (citations and quotations omitted).  It is only the malicious and sadistic use of force to cause harm that violates the Eighth Amendment.  Id. at 7.

Plaintiff's allegation that on November 10, 2006, Defendant Orosco grabbed Plaintiff's jumpsuit collar, put his forearm against Plaintiff's back, and forced Plaintiff to walk fast does not give rise to a viable claim for excessive force.  (Doc. 20, ¶17.)  Likewise, the allegation that on November 17, 2006, Plaintiff was slammed against a wall by Defendants Morales, Orosco, and Yates does not state a claim.  (Id.)  At most, the force described was de minimis, which does not violate the Constitution.  However, the allegations that on two separate occasions on November 22, 2006, Plaintiff was placed in a choke-hold, and struck, beaten, and kicked are sufficient to support claims

---

[2] Plaintiff seeks removal of the "R" suffix from his classification, and the expungement from his file of any reference to the false accusations made against him based on someone else's crime.

1  against Do, Moreno, Perez, Garza, and Hill for use of excessive force.[3]  Fed. R. Civ. P. 8(a);

2  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-

3  58 (9th Cir. 2008)  (Id., ¶¶26, 27.)

4  ## 2.  Conditions of Confinement Claims

5  ### a.  Verbal Harassment and Taunting

6  Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under

7  section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to

8  the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Plaintiff's

9  allegations that Defendants called him names, howled at him like wolves, and otherwise taunted him

10  do not support any claims under section 1983.

11  ### b.  Mental Health Needs

12  A prisoner's claim of inadequate mental health care does not constitute cruel and unusual

13  punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical

14  needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves

15  an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

16  "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501

17  U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of

18  mind," which entails more than mere negligence, but less than conduct undertaken for the very

19  purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a

20  deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

21  inmate health or safety." Id.

22  Although Plaintiff alleges he has mental health issues and was caused great distress by

23  Defendants' behavior toward him, Plaintiff's allegations do not support a claim that Defendants'

24  behavior rose to the level of deliberate indifference to his mental health care needs. Id.  "Deliberate

25  indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

26

27  ───────────────

28  [3] Plaintiff does not list a defendant by the last name of Do in the section entitled "Defendants."  (2nd Amend. Comp., pp. 4-6.)  It is not clear if Defendant Do is a John Doe defendant or not.  Plaintiff will need to clarify the status when it is time for service of process because the Marshal cannot initiate service on unknown defendants.

"Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### c.   Placement in Cell Without Running Water

On November 21, 2006, Plaintiff was housed in a cell in administrative segregation that did not have a sink with running water. (2nd Amend. Comp., ¶22.) Plaintiff alleges his tongue was getting stuck, and he was having trouble speaking and breathing. (Id.) Plaintiff was moved the next day. (Id., ¶¶24, 25.)

The allegation that the sink in Plaintiff's cell did not have running water does not support an Eighth Amendment claim. Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson, 503 U.S. at 9 (citations and quotations omitted). There is no indication that Plaintiff did not receive liquids with his meals or that any serious risk of harm to his health resulted. Plaintiff's allegations suggest that being housed in a cell without running water in the sink caused Plaintiff panic and mental distress, but that is not sufficient to support an Eighth Amendment claim.

### d.   Placement on Yard with Enemies

Plaintiff alleges that on November 22, 2006, Defendants Perez and Do arrived to escort Plaintiff to Facility C-C Yard. (2nd Amend. Comp., ¶27.) Plaintiff told them Captain Tyson had interviewed him that morning and told him that because he had enemies on C Yard, he would remain in administrative segregation pending transfer. (Id.) Defendant Garza said he did not care what Captain Tyson had said and he was running the show. (Id.) Plaintiff had an anxiety attack and was transported back to the hospital for medical treatment. (Id.)

While knowingly housing an inmate on a yard with enemies who pose a threat to his safety can support an Eighth Amendment claim, in this instance Plaintiff was never rehoused on the yard

with his enemies.  Because the threat to Plaintiff's safety never materialized due to his transport to the hospital, Plaintiff may not pursue an Eighth Amendment claim based on the mere escort to C Yard.

### e.    Placement With Inmate Kor

Plaintiff alleges that on August 31, 2007, Defendants Harden, Chesley, and Aguilar forced him to live with a gay inmate despite knowing they were not compatible because inmate Kor was a general population inmate and Plaintiff was a protective custody inmate.  (2nd Amend. Comp., ¶42.)  Plaintiff and inmate Kor's differences were brought to the attention of Defendants Harden, Chesley, and Aguilar, but were disregarded.  (Id.)  On September 23, 2007, inmate Kor falsely accused Plaintiff of raping him, which led to disciplinary measures against Plaintiff.  (Id., ¶44.)

In light of minimal federal notice pleading standards, the Court finds that the allegation Defendants Harden, Chesley, and Aguilar knowingly housed Plaintiff with an incompatible cellmate is sufficient to state a claim under the Eighth Amendment.  Fed. R. Civ. P. 8(a); Erickson, 127 S.Ct. at 2200; Alvarez, 518 F.3d at 1157-58.

### 3.    Other Claims

Plaintiff alleges that his personal and legal property disappeared from his cell when he was hospitalized between December 20, 2006, and December 27, 2006.  (2nd Amend. Comp., ¶30.)  Plaintiff also alleges various failures to respond to his inmate appeals.  (E.g., id., ¶¶31, 32.)

The theft of Plaintiff's property does not give rise to a viable claim for relief under section 1983.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Further, Plaintiff's general allegations regarding the deficiencies in the appeals process do support a claim for relief for violation of a constitutional right not because the existence of an administrative remedy process does not create any substantive rights.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

### 4.    Claim Against Warden Chrones

Under section 1983, Plaintiff is required to show that each named defendant (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right.  Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007).  "A person deprives another of a constitutional right,

where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

"[T]here is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Id. (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).  Plaintiff does not allege any facts linking Warden Chrones to the violation of his rights, and Defendant Chrones is entitled to dismissal from this action.

**C.    Section 1985 Claims**

A claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted).  A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted).

Although Plaintiff alleges that he is pursuing section 1985 claims, his second amended complaint is devoid of any factual allegations supporting the existence of a conspiracy to discriminate against him based on his race or other class-based membership.  Further, Plaintiff's complaint is devoid of any facts supporting a discrimination claim under section 1983, and absent a valid section 1983 claim for discrimination, Plaintiff may not pursue a section 1985 claim. Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005) (citing Caldeira v. County of

1   Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989)).  Plaintiff was previously notified of these deficiencies

2   and provided with the opportunity to amend.  Therefore, the Court recommends dismissal of the

3   section 1985 claims, with prejudice.

4           **D.     Intentional Infliction of Emotional Distress Claims**

5           Plaintiff alleges claims for under California tort law for intentional infliction of emotional

6   distress (IIED).  California's Tort Claims Act requires that a tort claim against a public entity or its

7   employees be presented to the California Victim Compensation and Government Claims Board,

8   formerly known as the State Board of Control, no more than six months after the cause of action

9   accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2008).  Presentation of a

10  written claim, and action on or rejection of the claim are conditions precedent to suit.  State v.

11  Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d

12  534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

13  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort

14  Claims Act.  State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543;

15  Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir.

16  1988).

17          Plaintiff does not allege compliance with the Tort Claims Act, and attached to his second

18  amended complaint is a letter from the Board denying his application for leave to present a late

19  claim, dated October 22, 2007.  Cal. Gov't Code § 911.4 (West 2008).  (2nd Amend. Comp., p. 131.)

20  Because Plaintiff did not comply with the Tort Claims Act, his IIED claims must be dismissed for

21  failure to state a claim.

22  **IV.    Conclusion and Recommendation**

23          The Court finds that Plaintiff's second amended complaint states cognizable claims under

24  section 1983 against Defendants Do, Moreno, Perez, Garza, and Hill for use of excessive force in

25  violation of the Eighth Amendment, and against Defendants Harden, Chesley, and Aguilar for

26  endangering Plaintiff's safety in violation of the Eighth Amendment.  However, Plaintiff's second

27  amended complaint does not state any other claims under section 1983, and does not state cognizable

28  claims under section 1985 or for IIED under California law.  Plaintiff was previously provided with

notice of the applicable legal standards and given the opportunity to amend.  Therefore, the Court does not find that further leave to amend is warranted, Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987), and HEREBY RECOMMENDS that:

1.  This action proceed as one for damages on Plaintiff's second amended complaint, filed November 18, 2008, against Defendants Do, Moreno, Perez, Garza, and Hill for use of excessive force in violation of the Eighth Amendment, and against Defendants Harden, Chesley, and Aguilar for endangering Plaintiff's safety in violation of the Eighth Amendment;

2.  Plaintiff's Eighth Amendment section 1983 claims other than those set forth above be dismissed, with prejudice, for failure to state a claim;

3.  Plaintiff's claims based on the theft of his property and the inmate appeals process be dismissed, with prejudice, for failure to state a claim;

4.  Plaintiff's section 1985 claims be dismissed, with prejudice, for failure to state a claim;

5.  Plaintiff's state law tort claims for intentional infliction of emotional distress be dismissed, without prejudice, for failure to state a claim; and

6.  Defendants Chrones, Morales, Orosco, Yates, Maese, Hernandez, Polambo, Jackson, and Cessar be dismissed from this action based on Plaintiff's failure to state any claims against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

///
///
///
///

1   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

2   1153 (9th Cir. 1991).

3

4   IT IS SO ORDERED.

5   **Dated:    February 4, 2009**                    _____/s/ Sandra M. Snyder_____
                                              UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28