**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MORAN,<br><br>          Plaintiff,<br><br>    v.<br><br>JOHN DOVEY, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:08-cv-00016-SMS PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FILED BY DEFENDANTS J. HARDEN, M. AGUILAR, E. CHESLEY, AND G. GARZA<br><br>(Doc. 46) |

**I.  Procedural History**

    Plaintiff Nicolas Moran is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January 3, 2008. On May 15, 2009, pursuant to 28 U.S.C. § 1915A, the Court issued an order that this action shall proceed as one for damages on Plaintiff's second amended complaint, filed November 18, 2008, against (1) Defendants Do, Moreno, Perez, Garza, and Hill for use of excessive force in violation of the Eighth Amendment, arising from two incidents on November 22, 2006; and (2) Defendants Harden, Chesley, and Aguilar for endangering Plaintiff's safety in violation of the Eighth Amendment, arising out housing Plaintiff and inmate Kor together on August 31, 2007.[1]

---

[1] On May 15, 2009, Plaintiff's Eighth Amendment section 1983 claims other than those arising from the two incidents on November 22, 2006, were dismissed, with prejudice, for failure to state a claim; Plaintiff's claims based on the theft of his property and the inmate appeals process were dismissed, with prejudice, for failure to state a claim; Plaintiff's section 1985 claims were dismissed, with prejudice, for failure to state a claim; Plaintiff's state law tort claims for intentional infliction of emotional distress were dismissed, without prejudice, for failure to state a claim; and Defendants Chrones, Morales, Orosco, Yates, Maese, Hernandez, Polambo, Jackson, and Cessar were

1

Fed. R. Civ. P. 8(a); *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007); *Alvarez v. Hill*, 518 F.3d 1152, 1157-58 (9th Cir. 2008).

On December 7, 2009, Defendants M. Aguilar, E. Chelsey, G. Garza, and J. Harden filed a motion to dismiss for failure to exhaust. Fed. R. Civ. P. 12(b). Plaintiff filed an opposition on January 21, 2010. Defendants filed a reply on February 8, 2010. Plaintiff filed a "counter-reply to Defendants' reply" on February 22, 2010. The motion has been deemed submitted. Local Rule 230(l).

## II.     Failure to Exhaust

### A.     Legal Standard

Defendant argues that Plaintiff failed to exhaust his claims in compliance with 42 U.S.C. § 1997e(a), subjecting the claims to dismissal. Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (West 2009). The process is initiated by submitting a CDCR Form 602. *Id.* at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by

---

dismissed from this action based on Plaintiff's failure to state any claims against them.

submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. *Jones*, 127 S.Ct. at 921; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

**B.     Discussion**

   **1.     Plaintiff's Claims**

Plaintiff alleges that on August 31, 2007, Defendants Harden, Chesley, and Aguilar forced him to live with a gay inmate despite knowing they were not compatible because inmate Kor was a general population inmate and Plaintiff was a protective custody inmate. (Doc. 20, 2nd Amend. Comp., ¶42.) Plaintiff and inmate Kor's differences were brought to the attention of Defendants Harden, Chesley, and Aguilar, but were disregarded. (*Id.*) On September 23, 2007, inmate Kor falsely accused Plaintiff of raping him, which led to disciplinary measures against Plaintiff. (*Id.*, ¶44.)

Plaintiff alleges that, twice on November 22, 2006, Defendant Garza and others placed him in a choke-hold, and struck, beat, and kicked him. (*Id.* at ¶¶ 27-28.

       **a.     Summary of Relevant Appeal**

On, January 7, 2007, Plaintiff filed inmate appeal numbered 0612548 (KVSP 07-00165) (hereinafter "Plaintiff's I.A."), which was stamped as "Bypassed" at the informal level and first

1  formal level, partially granted at the second formal level, and denied at the director's level.  (Doc.
2  46-2, Exh. B to N. Grannis Decl., pp. 8-11; Doc. 52, Exh. H to Plntf. Opp., pp. 94-95.)  In the
3  Director's Level Appeal Decision, among other things, it is noted that Plaintiff grieved that when
4  he refused to be double celled, he was taken to the Program Office where a number of officers
5  laughed at him and Defendant Garza "told him that the CO killed rapist and child molesters [sic]
6  the California Medical Facility" and "he was then choked, kicked and thrown in the air to
7  terrorize him."  (Doc 46-2 at p. 8; Doc. 52 at p. 105.)  In other levels of the appeal, Plaintiff
8  grieved Defendant Garza's actions and "constant threats of violence and assaults from its own
9  staff" (Doc. 46-2 at p. 18); that he did not want/refused to be double-celled, believed he should
10 be single-celled, and was laughed at and called improper names when he refused to be double-
11 celled (Doc. 46-2 at pp. 20-21, 22; Doc. 52 at pp. 96-97, 102); that when he refused to be double-
12 celled, he was taken to the Watch Office a number of officers were laughing at him, kicking him
13 lifting him in the air, terrorizing him and that while this was happening, Defendant Garza told
14 Plaintiff not to forget his name, "that he goes with" "rats and pcs," but as to "rapists and child
15 m.s that he kills the (M.F.) [and] that he hates the son of a Bs."  (*Id.* at pp. 21, 22; Doc. 52 at pp.
16 97, 102.)  Both sides submit identical copies of Plaintiff's I.A. and responses thereto.

17              **b.       Sufficiency of the Appeal**

18       In order to satisfy the exhaustion requirement, prisoners are required to comply with the
19 applicable procedural rules governing the appeals process, and it is the appeals process itself
20 which defines the level of detail necessary in an appeal.  *Jones*, 549 U.S. at 218; *Griffin*, 557
21 F.3d at 1120.  In California, prisoners are required only to describe the problem and the action
22 requested.  Tit. 15 § 3084.2(a).  Therefore, the appeal is sufficient "'if it alerts the prison to the
23 nature of the wrong for which redress is sought,'" *Griffin* at 1120 (quoting *Strong v. David*, 297
24 F.3d 646, 650 (7th Cir. 2002) and adopting the *Strong* standard), which "advances the primary
25 purpose of . . . notify[ing] the prison of a problem," *id.* (citation omitted).
26       Plaintiff's allegations that Defendants Harden, Chesley, and Aguilar forced him to live
27 with a gay inmate despite knowing they were incompatible are not even remotely mentioned
28 anywhere in Plaintiff's I.A.  As detailed above, the only allegations made in Plaintiff's I.A. that

address his having a cell mate are that Plaintiff refused to be double-celled and was taken to the Program Office and/or Watch Office. Allegations that Plaintiff refused to be double-celled simply do not amount to sufficient notice to prison officials that Defendants Harden, Chesley, and Aguilar forced him to share a cell with a gay inmate despite knowing they were incompatible. Further, no where in any of his appeals did Plaintiff ask to be moved to a different cell, to have a different cell-mate, or to be single celled. Thus, the allegations in Plaintiff's I.A. were not sufficient for Plaintiff to have alerted the prison to the nature of the wrongs for which he sought redress such that Defendants' motion to dismiss Plaintiff's claims against Defendants Harden, Chesley, and Aguilar should be dismissed without prejudice.

However, Plaintiff's allegations against Defendant Garza and others placed him in a choke-hold, and struck, beat, and kicked him are very clearly addressed in Plaintiff's I.A. The allegations in Plaintiff's I.A. were sufficient for Plaintiff to have alerted the prison to the nature of the wrong for which he sought redress – use of excessive force by Defendant Garza. Thus, Plaintiff presented his claims against Defendant Garza sufficiently in Plaintiff's I.A. such that Defendant Garza is not entitled to have Plaintiff's claims against him dismissed on that basis.

### c.   Timeliness of the Appeal

Defendants argue that, regardless of the factual sufficiency of Plaintiff's allegations against Defendants Harden, Chesley, Aguilar, and Garza, according to the C.D.C.R.'s inmate appeals process, Plaintiff's I.A. was untimely since it was not filed within fifteen days of the precipitating incident.

Both parties submitted evidence that Plaintiff's I.A. was pursued through the Director's Level, and that a Director's Level Appeal Decision issued which addressed, among other things, Plaintiff's allegations that Defendant Garza used excessive force against him – though no rulings were ever issued on Plaintiff being housed with an incompatible cell-mate since, as already discussed, this issue was not raised in Plaintiff's I.A.

The fact that Plaintiff's I.A. may not have initially been timely filed is mooted by the fact that it was pursued to the full extent possible and received a Director's Level Appeal Decision. The procedural defect of untimeliness is not properly raised as a bar to Plaintiff's claim against

1  Defendant Garza where Plaintiff's allegations against Defendant Garza were addressed by prison
2  officials throughout all levels of the inmate appeals process.
3     Administrative law requires proper exhaustion of administrative remedies, via "all steps
4  that the agency holds out, and doing so properly (*so that the agency addresses the issues on the*
5  *merits*)." *Woodford v. Ngo*, 548 U.S. 81, 91 (2006) (emphasis added).  While procedural
6  compliance is generally a prerequisite to exhaustion of administrative remedies, it would be
7  counterintuitive for the Court to find that exhaustion had not occurred where, despite being
8  untimely filed, prison officials have fully addressed the merits of an issue in Plaintiff's I.A. at all
9  levels of the inmate appeals process.  Thus, while Plaintiff's I.A. may have been untimely filed
10 with the prison, since prison officials addressed the merits of Plaintiff's grievances against
11 Defendant Garza, all the way to the Director's Level, it is within the spirit of the underlying
12 principles of the law to find that Plaintiff exhausted his administrative remedies on his claims
13 that Defendant Garza subjected him to excessive force in violation of his rights under the Eighth
14 Amendment to the United States Constitution.  Accordingly, Defendants' motion to dismiss
15 Plaintiff's claims against Defendant Garza should be denied.

**III.    Conclusion**

17    Defendants Harden, Chelsey, and Aguilar have shown that Plaintiff did not exhaust his
18 allegations that they forced him to live with a gay inmate despite knowing the two were not
19 compatible and they are therefore entitled to dismissal of Plaintiff's claim(s) against them.
20 However, Defendant Garza has not shown that Plaintiff did not exhaust his allegations that he
21 subjected Plaintiff to excessive force and he is therefore not entitled to dismissal of Plaintiff's
22 claim(s) against him.
23    Accordingly, the Court HEREBY ORDERS that:
24    (1)    the motion to dismiss, filed December 7, 2009 by Defendants Harden,
25           Chelsey, and Aguilar, is hereby GRANTED, and Plaintiff's claim against
26           Defendants Harden, Chelsey, and Aguilar for unconstitutionally forcing
27           Plaintiff to be celled with a gay inmate despite knowing the two were not
28           compatible is hereby DISMISSED, without prejudice, for failure to

1 | exhaust administrative remedies; and

2 |     (2)    the motion to dismiss, filed December 7, 2009 by Defendant Garza as to

3 | Plaintiff's claim(s) that he subjected Plaintiff to excessive force is

4 | DENIED.

5 | IT IS SO ORDERED.

6 | **Dated:   April 5, 2010**                      /s/ Sandra M. Snyder
                                                           UNITED STATES MAGISTRATE JUDGE