# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MORAN, | CASE NO. 1:08-cv-00016-SMS PC |
| Plaintiff, | ORDER DENYING MOTION TO REINSTATE CLAIMS FOR EQUITABLE RELIEF, WITH PREJUDICE |
| v. | |
| JOHN DOVEY, et al., | (Doc. 77) |
| Defendants. | |

Plaintiff Nicolas Moran, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 3, 2008. This action for damages is proceeding on Plaintiff's second amended complaint, filed November 18, 2008, against Defendants Do/Doe, Moreno, Perez, Garza, and Hill for use of excessive force in violation of the Eighth Amendment, arising from two incidents on November 22, 2006.[1] On June 17, 2010, Plaintiff filed a motion seeking to reinstate his claims for declaratory and injunctive relief on the ground that Defendant Moreno transferred to Pleasant Valley State Prison, where Plaintiff is presently incarcerated.

The jurisdiction of the federal court is limited to actual cases or controversies. Summers v. Earth Island Institute, 129 S.Ct. 1142, 1148 (2009); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660 (1983). This requires a plaintiff seeking injunctive relief to "show that he is under

---

[1] Defendants Garza and Hill waived service and appeared in the action. Service on Defendants Moreno and Perez is in process. The Doe defendant has not yet been identified by Plaintiff.

1

threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers, 129 S.Ct. at 1149 (internal quotations and citation omitted).

For each form of relief sought, Plaintiff must demonstrate standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. Inc., 528 U.S. 167, 185, 120 S.Ct. 693 (2000)).  While Plaintiff has standing to seek damages for the past violation of his rights by Defendant Moreno, he has no standing to seek an injunction or a declaratory judgment.[2] Plaintiff's claim against Defendant Moreno arises from the alleged use of excessive physical force on November 22, 2006, at Kern Valley State Prison, and the presence of Defendant Moreno at Plaintiff's current prison provides no basis for the award of equitable relief. Because there is no ongoing injury resulting from the use of force in 2006 that is capable of being redressed through either injunctive or declaratory relief, there is no prospective relief available to Plaintiff in this action. Mayfield, 599 F.3d at 969 (citations omitted); 18 U.S.C. § 3626(a)(1)(A).

For the reasons set forth herein, Plaintiff's motion to reinstate claims for equitable relief is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:   August 3, 2010**                                  /s/ Sandra M. Snyder
                                                        UNITED STATES MAGISTRATE JUDGE

---

[2] In his second amended complaint, Plaintiff sought the removal of the "R" suffix from his classification, and the expungement from his file of any reference to the false accusations made against him based on someone else's crime.