# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MORAN, | CASE NO. 1:08-cv-00016-GBC (PC) |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL WITH PREJUDICE |
| v. | (Docs. 80, 81) |
| JOHN DOVEY, et al., | |
| Defendants. | |

Plaintiff Nicolas Moran ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed on November 18, 2008. (Docs. 20, 29, 30). Plaintiff filed a motion to compel on August 2, 2010. (Docs. 80, 81). Defendants filed an opposition on September 7, 2010. (Doc. 88). The motion has been deemed submitted. Local Rule 78-230(m).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason. *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S-06-

2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).  Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(A).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified.  In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not justified.

In this instance, Plaintiff motioned to compel the production of documents and interrogatories which he served on Defendant G. Garza.  Since Plaintiff's request for documents was granted in a previous order filed on March 23, 2011, Plaintiff's request for document production is DENIED as moot.  In response to Plaintiff's motion to compel, Defendants argue that Plaintiff's failure to comply with the meet and confer requirement of Rule 37 of the Federal Rules of Civil Procedure defeats Plaintiff's motion to compel.  However, the Court's discovery order filed on April 28, 2010, states:

> Unless otherwise ordered, Local 5 Rule 251 shall not apply, and the requirement set forth in Federal Rules of Civil Procedure 26 and 37 that 6 a party seeking relief from the court certify that he or she has in good faith conferred or attempted to confer 7 with the other party or person in an effort to resolve the dispute prior to seeking court action shall not apply.

(Doc. 62).  Nevertheless, Plaintiff has not met his burden on his motion to compel.  Plaintiff has not specified which of Defendant's responses to the interrogatories were deficient, how were each of the responses deficient and why the information sought was relevant.  For the third interrogatory, for example, Plaintiff's question was vague as to whether Defendant Garza ever met Plaintiff, whether Defendant Garza worked at a particular prison on the date in question, whether Defendant Garza came into contact with Plaintiff and what was the nature of any physical contact.  Accordingly, Defendant Garza's response was vague.  Moreover, it is uncertain from Plaintiff's motion whether interrogatories from Defendant Hill were at issue.  Because the discovery deadline is extended, and since Plaintiff has only used eight interrogatories, Plaintiff is not precluded from drafting new interrogatories towards his limit of twenty-five interrogatories.

As set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's first motion to compel further response to interrogatories, filed August 2, 2010, is DENIED with prejudice.

2. Plaintiff's first motion for documents, filed August 2, 2010, is DENIED as MOOT.

IT IS SO ORDERED.

Dated:   March 29, 2011

_____
UNITED STATES MAGISTRATE JUDGE