1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

NICOLAS MORAN,                                    CASE NO. 1:08-cv-00016-GBC (PC)

10

               Plaintiff,                          ORDER DENYING PLAINTIFF'S MOTION
FOR NON-VOLUNTARY

11

     v.                                              UNINCARCERATED WITNESSES

12

JOHN DOVEY, et al.,                               (Doc. 112)

13

              Defendants.

14

              _____/

15

     Plaintiff Nicolas Moran ("Plaintiff") is a state prisoner proceeding pro se and in forma

16

pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

17

Plaintiff's second amended complaint, filed on November 18 2008.  (Docs. 20, 29, 30).  On October

18

28, 2011, the Court filed the second scheduling order for trial wherein it outlined the requirements

19

for Plaintiff to obtain incarcerated and non-incarcerated witnesses.  Doc. 111.  It its second

20

scheduling order, the Court instructed:

21

       If a prospective witness is not incarcerated, and he or she refuses to testify
voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In

22

       addition, the party seeking the witness's presence must tender an appropriate sum of
money for the witness. *Id.* In the case of an unincarcerated witness, the appropriate

23

       sum of money is the daily witness fee of $40.00 plus the witness's travel expenses.
28 U.S.C. § 1821. . . . Because no statute authorizes the use of public funds for these

24

       expenses in civil cases, the tendering of witness fees and travel expenses is required
even if the party was granted leave to proceed in forma pauperis.

25

Doc. 111 at 3-4.

26

     On November 28, 2011, Plaintiff submitted a motion conceding that he cannot fulfil the

27

payment requirements pursuant to Rule 45 of the Federal Rules of Civil Procedure.  Doc. 112 at 1.

28

1

1   However, Plaintiff requests that he still be able to obtain the following non-voluntary unincarcerated

2   witnesses: 1) Doctor V. Schemer (staff Psychiatrist, member of the CTC committee at Kern Valley

3   State Prison ("KVSP"); 2) K. Rockhold (social worker, member of the CTC committee at KVSP;

4   3) Doctor Asarulislam Syed (member of the CTC committee at Kern Valley State Prison ("KVSP");

5   and 4) Chandles (social worker,  member of the CTC committee at KVSP).  Doc. 112 at 2.

6        As stated before in the second scheduling order, since no statute authorizes the use of public

7   funds for such expenses in civil cases, the tendering of witness fees and travel expenses is required

8   even if the party was granted leave to proceed in forma pauperis.  Doc. 111 at 4.  Since Plaintiff has

9   conceded that he does not have the funds to pay (pursuant to Rule 45 of the Federal Rules of Civil

10  Procedure) for these non-voluntary unincarcerated witnesses, Plaintiff's motion is HEREBY

11  DENIED.

12

13  IT IS SO ORDERED.

14
    Dated:    December 20, 2011

15                                                              UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28