# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MORAN, | CASE NO. 1:08-cv-00016-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR NON-VOLUNTARY UNINCARCERATED WITNESSES |
| v. | |
| JOHN DOVEY, et al., | (Doc. 112) |
| Defendants. | |

Plaintiff Nicolas Moran ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed on November 18 2008. (Docs. 20, 29, 30). On October 28, 2011, the Court filed the second scheduling order for trial wherein it outlined the requirements for Plaintiff to obtain incarcerated and non-incarcerated witnesses. Doc. 111. It its second scheduling order, the Court instructed:

> If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. *Id.* In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821. . . . Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

Doc. 111 at 3-4.

On November 28, 2011, Plaintiff submitted a motion conceding that he cannot fulfil the payment requirements pursuant to Rule 45 of the Federal Rules of Civil Procedure. Doc. 112 at 1.

1

1  However, Plaintiff requests that he still be able to obtain the following non-voluntary unincarcerated
2  witnesses: 1) Doctor V. Schemer (staff Psychiatrist, member of the CTC committee at Kern Valley
3  State Prison ("KVSP"); 2) K. Rockhold (social worker, member of the CTC committee at KVSP;
4  3) Doctor Asarulislam Syed (member of the CTC committee at Kern Valley State Prison ("KVSP");
5  and 4) Chandles (social worker, member of the CTC committee at KVSP). Doc. 112 at 2.
6      As stated before in the second scheduling order, since no statute authorizes the use of public
7  funds for such expenses in civil cases, the tendering of witness fees and travel expenses is required
8  even if the party was granted leave to proceed in forma pauperis. Doc. 111 at 4. Since Plaintiff has
9  conceded that he does not have the funds to pay (pursuant to Rule 45 of the Federal Rules of Civil
10 Procedure) for these non-voluntary unincarcerated witnesses, Plaintiff's motion is HEREBY
11 DENIED.

13 IT IS SO ORDERED.

14 Dated:    December 20, 2011
15                                                       UNITED STATES MAGISTRATE JUDGE