# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MORAN, | CASE NO. 1:08-cv-00016-GBC (PC) |
| Plaintiff, | ORDER REGARDING OBJECTIONS TO PRETRIAL ORDER |
| v. | |
| JOHN DOVEY, et al., | DEFENDANTS' REQUEST TO CORRECT THE RECORD AS TO DEFENDANT "DO" IS GRANTED (Doc. 124) |
| Defendants. | |
| | DEFENDANT "DO" IS DISMISSED (Doc. 124) |

**I.  Factual and Procedural Background**

Plaintiff Nicolas Moran ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed on November 18, 2008. Doc. 20; Doc. 29; Doc. 30. On May 15, 2012, the Court issued a pretrial order. Doc. 123. On May 17, 2012, Defendants filed objections to the pretrial order. Doc. 124. On May 23, 2012, Plaintiff filed objections to the pretrial order. Doc. 129.

**II.  Defendants' Objections**

    **a.  Objection to Inclusion of "Do" as a Defendant**

Defendants object to listing "Do" as a defendant in the trial given that "Do" is actually a "John Doe" whose name has never been determined and the Court has dismissed all the remaining Doe defendants in its original pretrial order. Doc. 123 at 8 (Pretrial Order); Doc. 124 (Defendants' objection to pretrial order).

  **b.**  **Court's Ruling**

  The Court previously noted that "[i]t is not clear if Defendant Do is a John Doe defendant or not. Plaintiff will need to clarify the status when it is time for service of process because the Marshal cannot initiate service on unknown defendants."  Doc. 21 at 4 n.3; Doc. 32 at 2 n.2. Plaintiff did not clarify the status of the "Do" defendant.  Moreover, "Do" was never served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure nor did Plaintiff seek to amendment pursuant to Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure.

  In Plaintiff's pretrial statement, he identifies "Do" as actually being a "John Doe" defendant. Doc. 115 at 1.  Additionally, Defendants demonstrate that in the deposition of Plaintiff, Plaintiff states that he does not know the name of "John Do" and that "Do" was, in fact, a John Doe.  Doc. 124 at 2; Doc. 124-1 (Exhibit A-Excerpt of Plaintiff's Deposition).

  Plaintiff had ample opportunity during discovery to determine the true name of the "John Doe" defendant, however, Plaintiff did not exercise due diligence in determining the name of the "John Doe" defendant, nor did Plaintiff follow Rule 4(m) or Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure to make any necessary amendments to any of the names of the defendants or to properly serve any different defendant.  Based on the foregoing, the Court recognizes that "Do" is, in fact, a "John Doe" Defendant.  The Defendants' request for relief is GRANTED and the Court corrects the record to find that Defendant "Do" is actually a "Doe" defendant and is dismissed with the remaining "Doe" defendants.

///
///
///
///
///
///
///
///

**III.     Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' request to correct the record to find that Defendant "Do" is actually a "Doe" defendant is GRANTED; and

2. Defendant "Do" is dismissed with the remaining "Doe" defendants.


IT IS SO ORDERED.

Dated:   May 31, 2012

_____
UNITED STATES MAGISTRATE JUDGE