# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MORAN,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN DOVEY, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-00016-GBC (PC)<br><br>ORDER REGARDING PLAINTIFF'S OBJECTIONS TO PRETRIAL ORDER<br><br>PLAINTIFF'S REQUEST FOR APPOINTMENT OF AN EXPERT WITNESS IS DENIED (Doc. 129)<br><br>PLAINTIFF'S REQUEST FOR THE COURT TO RECOGNIZE A DIFFERENT "PEREZ" DEFENDANT IS DENIED (Doc. 129)<br><br>PLAINTIFF'S REQUEST TO ADD H. TYSON AS A DEFENDANT IS DENIED (Doc. 129) |

**I.    Factual and Procedural Background**

Plaintiff Nicolas Moran ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed on November 18, 2008. Doc. 20; Doc. 29; Doc. 30. On May 15, 2012, the Court issued a pretrial order. Doc. 123. On May 17, 2012, Defendants filed objections to the pretrial order. Doc. 124. On May 23, 2012, Plaintiff filed objections to the pretrial order. Doc. 129.

**II.    Objections**

    **a.    Plaintiff's Objection #1**

        **1.    Objection to denial of appointed expert witness**

Without further elaboration, Plaintiff states that he believes there are "extenuating

circumstances to justify appointment of an impartial expert witness." Doc. 129 at 1.

### 2. Court's Ruling

Plaintiff seeks the appointment of an expert witness to help him present his case. The Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side. Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999).

In this case, the Court requires no special assistance in deciding the issues. *Ford ex rel. Ford*, 291 F.3d at 1090; *Walker*, 180 F.3d at 1071. Further, where, as here, the cost would likely be apportioned to the government, the Court should exercise caution. The Court has a burgeoning docket of civil rights cases filed by prisoners proceeding pro se and in forma pauperis. The facts of this case are no more extraordinary and the legal issues involved no more complex than those found in the majority of the cases now pending before the Court. Accordingly, Plaintiff's request for the appointment of an expert witness is denied.

### b. Plaintiff's Objection #2

### 1. Objection to substituting "T. Perez" instead of "J. Perez"

Without further argument, Plaintiff simply states that he "did not [request] for Defendant Perez's name to be amended. Doc. 129 at 2.

### 2. Court's Ruling

The Court interprets Plaintiff's objection to refer to the fact that Plaintiff's second amended complaint named "J. Perez" as a defendant and the Court found a cognizable claim against "J. Perez." Doc. 20; Doc. 29; Doc. 30. However, after multiple attempts to identify and serve "J. Perez," "T. Perez" answered the complaint on September 2, 2010. Doc. 85. Defendant T. Perez's answer states: "Please note that the Answering Defendant, originally identified by Plaintiff as 'J. Perez,' was only recently identified by CDCR Officials after diligent efforts to identify this individual pursuant to the Court's order." Doc. 85 at 1 n.1. More than a year and a half has passed since Plaintiff was on notice of the name change in efforts to locate the correct defendant.

Plaintiff had ample opportunity during discovery to object to "T. Perez" being identified as

the correct "Perez" in this lawsuit, however, Plaintiff did not exercise due diligence in finding additional information during discovery that would support a amending the complaint and serving a different "Perez" pursuant to Rule 4(m) or Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure.

Based on the foregoing, to the extent that Plaintiff is requesting that a different defendant be added to the case, such request for relief is DENIED.  Further, if Plaintiff wishes to dismiss "T. Perez" from the action, such dismissal will apply for both "T. Perez" and "J. Perez" and the dismissal will be with prejudice.

### c. Plaintiff's Objection #3

#### 1. Request to add Captain H. Tyson as a named defendant

Plaintiff requests to add Captain H. Tyson as a defendant because Plaintiff had accidentally omitted this defendant from his second amended complaint. Doc. 129 at 2. Plaintiff proceeds to submit allegations in an attempt to state a claim against H. Tyson. Doc. 129 at 2.

#### 2. Court's Ruling

Plaintiff had ample opportunity to motion the Court to further amend his complaint to add an additional defendant. On February 5, 2009, the Court screened his second amended complaint and informed Plaintiff of what claims and defendants were listed. Plaintiff has had over three years to discover that he had mistakenly omitted a defendant from the second amended complaint. Plaintiff did not exercise due diligence in seeking permission from the Court to add H. Tyson to the complaint, nor did Plaintiff follow Rule 4(m) of the Federal Rules of Civil Procedure to ensure proper service on H. Tyson. Based on the foregoing, the Court DENIES Plaintiff's request to add H. Tyson as a defendant to the case at this late stage of the proceedings.

///
///
///
///
///

III. **Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for the appointment of an expert witness is DENIED;
2. Plaintiff's request for "J. Perez" to be identified as different from "T. Perez" is DENIED; and
3. Plaintiff's request to add H. Tyson as a defendant to the case is DENIED.

IT IS SO ORDERED.

Dated:  May 31, 2012

UNITED STATES MAGISTRATE JUDGE