# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MORAN, | CASE NO. 1:08-cv-00016-GBC (PC) |
| Plaintiff, | ORDER DENYING RULE 59 MOTION FOR NEW TRIAL |
| v. | Doc. 156 |
| JOHN DOVEY, et al., | |
| Defendants. | |
| / | |

## I.     Factual and Procedural Background

Plaintiff Nicolas Moran ("Plaintiff") is a state prisoner who proceeded pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 6, 2012, the Court granted in part Defendants' Rule 50 motion as to defendant Gus Garza and dismissed Defendant Garza. Doc. 143. On June 7, 2012, at the conclusion of a two-day trial, the jury returned a verdict of not liable in favor of the remaining defendants. Doc. 147. On June 21, 2012, Plaintiff filed a Rule 59(a) motion for new trial. Doc. 156.

### A.     Legal standard

Rule 59 of the Federal Rules of Civil Procedure provides that a new trial may be granted "any reason for which a new trial has heretofore been granted in an action at law in federal court." "Rule 59 does not specify the grounds on which a motion for a new trial may be granted." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir.2003). Rather, the court is "bound by those grounds that have been historically recognized." *Id.* Historically recognized grounds include, but are not limited to, claims "that the

verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).

Rule 59 gives the trial judge the power to prevent a miscarriage of justice. *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n. 15 (9th Cir.2000); *Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246, 256 (9th Cir.1957). "[T]he burden of showing harmful error rests on the party seeking the new trial." *Randle v. Franklin*, No. 08-cv-0845-JAT, 2011 WL 2064850 (E.D. Cal. 2011). A motion for new trial may invoke the court's discretion insofar as it is based on claims that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair . . . and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *accord Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n. 15 (9th Cir. 2000). Where a movant claims that a verdict is against the clear weight of the evidence, a new trial should be granted where, after giving full respect to the jury's findings, the judge "is left with the definite and firm conviction that a mistake has been committed" by the jury. *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-72 (9th Cir. 1987).

Rule 59(a) establishes a different standard for bench trials than for jury trials. In an action tried without a jury a court may grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed.R.Civ.P. 59(a)(1)(B). This standard applies to the Rule 50 dismissal of Defendant Garza.

**B.  Discussion**

Plaintiff contends that a new trial is warranted because Defendants provided contradictory testimonies. Doc. 156. Plaintiff's vague and conclusory assertion is insufficient to meet his burden to warrant granting a new trial.[1]

///

---

[1] Plaintiff did not file a copy of the trial transcript in connection with the motion, and instead Plaintiff's argument is apparently from his memory of the trial.

## II. Conclusion and Order

For the foregoing reasons, Plaintiff's motion for a new trial is DENIED. Doc. 156.

IT IS SO ORDERED.

Dated: August 9, 2012

_____
UNITED STATES MAGISTRATE JUDGE