# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MORAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOVEY, et al.,<br><br>　　　　　Defendants. | Case No. 1:08-cv-00016-SAB (PC)<br><br>ORDER DENYING MOTION FOR TRANSCRIPTS<br><br>(ECF No. 176) |

　　Plaintiff Nicolas Moran ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 8, 2012, the Court entered judgment in this action in favor of Defendants. (ECF No. 149.) Plaintiff filed a notice of appeal on June 28, 2012. (ECF No. 159.) On March 21, 2013, Plaintiff filed a request for transcripts taken in the jury trial. (ECF No. 176.)

　　A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir.1991) (subsequent history omitted). Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct payment the government to pay for transcripts for a litigant proceeding in forma pauperis.

　　(c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the

> prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a substantial question. Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984). Based on Plaintiff's motion for transcripts and notice of appeal, the Plaintiff has not properly articulated why these particular transcripts are necessary to present a substantial question. If Plaintiff seeks the transcripts for purposes of assessing a witness' credibility, that issue on appeal is not a substantial question since credibility is reserved for the trier of fact and not appellate courts to assess. See Herring v. New York, 422 U.S. 853, 864 (1975) (finding the "credibility assessment was solely for the trier of fact"). Plaintiff fails to provide any reason as to why the transcripts are needed to decide the issue on appeal. Thus, the request for transcripts at government expense is denied. Plaintiff may renew his motion for a transcript at government expense with this Court if the Plaintiff provides a particular basis as to why these particular transcripts (which appear to be most of the trial) are needed for his appeal. Also, Plaintiff may make his request to the appellate court by filing a motion there if he wishes. In addition, Plaintiff is notified that the appellate court has access to the court's file in this case, and will request any necessary documents that are in the record directly from this court. Accordingly,

//

//

IT IS HEREBY ORDERED that Plaintiff's motion for transcripts is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **May 17, 2013**

UNITED STATES MAGISTRATE JUDGE

3