# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MORAN,<br><br>          Plaintiff,<br><br>    v.<br><br>JOHN DOVEY, et al.,<br><br>          Defendants. | Case No.  1:08-cv-00016-SAB (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 170) |

Plaintiff Nicolas Moran ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 8, 2012, the Court entered judgment in this action in favor of Defendants.  (ECF No. 149.)  Plaintiff filed a notice of appeal on June 28, 2012.  (ECF No. 159.)  On June 21, 2013, Plaintiff filed a motion for a judgment notwithstanding the verdict.  (ECF No. 156.)  On August 9, 2012, the Court denied Plaintiff's motion.  (ECF No. 169.)  On August 24, 2012, Plaintiff filed a motion for reconsideration.  (ECF No. 170.)

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. Local Rule 230(j)

1  requires Plaintiff to show "what new or different facts or circumstances are claimed to exist
2  which did not exist or were not shown upon such prior motion, or what other grounds exist for the
3  motion." "A motion for reconsideration should not be granted, absent highly unusual
4  circumstances, unless the district court is presented with newly discovered evidence, committed
5  clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to
6  raise arguments or present evidence for the first time when they could reasonably have been
7  raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571
8  F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

9  In Plaintiff's motion to reconsider, he simply restates his prior arguments and does not
10 present newly discovered evidence, clear error, or an intervening change in the law.  This simply
11 does not meet the standard for a motion for reconsideration.  Therefore, the motion will be
12 denied.

13 Moreover, on May 14, 2013, the Ninth Circuit issued an order addressing Plaintiff's
14 motion for mandamus order filed on April 16, 2012.  (ECF No. 177.)  In that mandamus motion,
15 Plaintiff requested that the Ninth Circuit order the district court to rule on its motion for
16 reconsideration notwithstanding verdict dated June 21, 2012.  The Ninth Circuit denied Plaintiff's
17 mandamus motion as moot as the district had ruled on the Plaintiff's motion filed June 21, 2012
18 on August 9, 2012.  In light of the Ninth Circuit's decision, this is an additional basis to deny his
19 motion for reconsideration. Accordingly,

20 IT IS HEREBY ORDERED that Plaintiff's August 24, 2012 motion for reconsideration is
21 DENIED.

22
23 IT IS SO ORDERED.

24    Dated:   **May 17, 2013**                                    _____
25                                                                 UNITED STATES MAGISTRATE JUDGE
26
27
28