# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MORAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOVEY, et al.,<br><br>　　　　　Defendants. | Case No. 1:08-cv-00016-SAB (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES<br><br>(ECF No. 162) |

　　　　Plaintiff Nicolas Moran ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 8, 2012, the Court entered judgment in this action in favor of Defendants.  (ECF No. 149.)  Plaintiff filed a notice of appeal on June 28, 2012.  (ECF No. 159.)  On June 29, 2012, Defendants filed a motion for attorneys' fees.  (ECF No. 162.)  Plaintiff's appeal is currently pending in the Ninth Circuit Court of Appeals.

　　　　The effective filing of a notice of appeal generally transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam).  That rule of exclusive appellate jurisdiction is a creature of judicial prudence, however, and is not absolute. Hoffman v. Beer Drivers & Salesmen's Local Union No. 888, 536 F.2d 1268, 1276 (9th Cir.1976).  The Ninth Circuit has specifically held that a district court retains the power to award

1

1  attorneys' fees after the notice of appeal has been filed.  <u>Masalosalo by Masalosalo v. Stonewall
2  Ins. Co.</u>, 718 F.2d 955, 957 (9th Cir. 1983).  Recognition of this authority best serves the policy
3  against piecemeal appeals.  <u>Id.</u>   Accordingly, the Court now addresses Plaintiff's pending motion
4  for attorneys' fees.

5        "Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional
6  circumstances." <u>Barry v. Fowler</u>, 902 F.2d 770, 773 (9th Cir. 1990); <u>see also</u> <u>Manufactured Home
7  Cmtys. Inc. v. City of San Jose</u>, 420 F.3d 1022, 1036 (9th Cir. 2005); <u>Mitchell v. L.A. Cmty.
8  Coll. Dist.</u>, 861 F.2d 198, 202 (9th Cir. 1989). The rule against awarding defendants attorney's
9  fees applies with special force where the plaintiffs are pro se litigants. <u>See</u> <u>Hughes v. Rowe</u>, 449
10 U.S. 5, 15 (1980) (stating rule for pro se prisoners); <u>Miller v. L.A. Cnty. Bd. of Educ.</u>, 827 F.2d
11 617, 620 (9th Cir. 1987).

12        "The mere fact that a defendant prevails does not automatically support an award of fees.
13 A prevailing civil rights defendant should be awarded attorney's fees not routinely, not simply
14 because [the defendant] succeeds, but only where the action brought is found to be unreasonable,
15 frivolous, meritless, or vexatious." <u>Patton v. Cnty. of Kings</u>, 857 F.2d 1379, 1381 (9th Cir. 1988)
16 (citations and internal quotations omitted); <u>see also</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 n.9
17 (1985); <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429 n.2 (1983); <u>Fabbrini v. City of Dunsmuir</u>, 631
18 F.3d 1299, 1302 (9th Cir. 2011); <u>Harris v. Maricopa Cnty. Superior Court</u>, 631 F.3d 963, 971-72
19 (9th Cir. 2011); <u>Edgerly v. City & Cnty. of San Francisco</u>, 599 F.3d 946, 962 (9th Cir. 2010);
20 <u>Gibson v. Office of Att'y Gen., Cal.</u>, 561 F.3d 920, 929 (9th Cir. 2009); <u>Galen v. Cnty. of Los
21 Angeles</u>, 477 F.3d 652, 666 (9th Cir. 2007); <u>Tutor-Saliba Corp. v. City of Hailey</u>, 452 F.3d 1055,
22 1060 (9th Cir. 2006); <u>Manufactured Home Cmtys. Inc.</u>, 420 F.3d at 1036; <u>Thomas v. City of
23 Tacoma</u>, 410 F.3d 644, 647-48 (9th Cir. 2005); <u>Branson v. Nott</u>, 62 F.3d 287, 292 (9th Cir. 1995);
24 <u>Maag v. Wessler</u>, 993 F.2d 718, 719 (9th Cir. 1993). "[A] defendant bears the burden of
25 establishing that the fees for which it is asking are in fact incurred solely by virtue of the need to
26 defend against those frivolous claims." <u>Harris</u>, 631 F.3d at 971.

27        "A claim is not necessarily frivolous because a witness is disbelieved or an item of
28 evidence is discounted, disproved or disregarded at trial." <u>Am. Fed'n of State, Cnty. and Mun.</u>

Employees, AFLCIO v. County of Nassau, 96 F.3d 644, 652 (2d Cir.1996). Where a plaintiff, through his own testimony, presents evidence in support of his claims, fees may nevertheless be appropriate if that testimony was "an unmitigated tissue of lies" and/or the lawsuit was "motivated by malice and vindictiveness." Id.

As to Defendant Garza, Defendants argue that Plaintiff's claim was frivolous because the evidence at trial established that he was not present in Facility C on the date of Plaintiff's allegations and that another staff member with the last name of Garza did work in Facility C. The Court granted Defendants motion for Judgment as a Matter of Law as to Defendant Garza. Defendants argue that Plaintiff brought and pursued a groundless claim against Defendant Garza, without foundation. As to Defendants Perez, Hill, and Moreno, Defendants argue the excessive force claims against them were frivolous for a variety of reasons, including a lack of evidence of injuries or pain following the incident, a lack of incident reports documenting the incident, Plaintiff's manipulative behavior, Plaintiff's history of hallucinations during the time period at issue, Plaintiff's reputation for being untruthful, and the fact that the jury only deliberated for twenty minutes. Defendants argue that the claims against these defendants were at minimum, without foundation, if not frivolous and unreasonable.

Here, the Court finds that this case is not exceptional and that Defendants are not entitled to attorneys' fees. Plaintiff is a pro se litigant who is awarded special consideration when addressing a motion for attorneys' fees. Hughes, 449 U.S. at 15. This Court was not the trial judge and did not benefit from hearing the live testimony. However, the Court has reviewed the relevant portions of the trial transcript as to Defendant Garza's dismissal, and finds that Plaintiff's claim against him was not without foundation. It appears from the trial transcript that the Plaintiff believed Defendant Garza was the correct person, until Garza's testimony at trial convinced him otherwise. The fact that Defendant Garza did not work in Facility C did not become apparent until his testimony at trial. Additionally, Garza could not testify as to whether there were other "G. Garzas" at the facility, only that there were other "Garzas." Plaintiff testified as to the excessive force committed against him by "Officer Garza." Given Plaintiff's status as a pro se incarcerated plaintiff with limited opportunity to investigate his claims, the Court finds that this is

not an exceptional case that warrants attorneys' fees to Defendant Garza. An additional basis for it being unfounded is that Defendant Garza himself did not appear to be aware of the "misidentification" until trial, since if he had truly know what he testified to at trial in light of Plaintiff's evidence, he would have raised the issue in a motion for summary judgment and saved himself the risk of going to trial.

Additionally, as to Defendants Perez, Hill, and Moreno, although Defendants' motion for attorneys' fees notes the absence of any evidence to corroborate Plaintiff's version of the facts, often these cases are tried on the Plaintiff's own testimony. There is no requirement in the law that it be corroborated. Although Plaintiff's testimony was ultimately not given credit by the trier of fact, Plaintiff's testimony arguably supported his allegation that Defendants used excessive force. There is no basis for a finding that Plaintiff's testimony was "an unmitigated tissue of lies" or that his lawsuit was "motivated by malice and vindictiveness." Am. Fed'n of State, 96 F.3d at 652. Although the jury ultimately found in favor of Defendants, they have not demonstrated that this is the exceptional type of civil rights case that warrants an award of attorneys' fees to Defendants. Accordingly,

IT IS HEREBY ORDERED that Defendants' motion for attorneys' fees is DENIED.

IT IS SO ORDERED.

Dated:   **September 13, 2013**

UNITED STATES MAGISTRATE JUDGE